IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER ON** |
| Plaintiff, | ) | **PRETRIAL MOTIONS** |
| | ) | |
| vs. | ) | Crim File No. 3:07-cr-94-06 |
| | ) | |
| Tyrone Williams, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court are a number of motions filed by the defendant, Tyrone Williams (Docs. #85-90). A hearing was held on these matters on March 25, 2008.

Motion to Exclude

The defendant moves to exclude Martin Carrillo's in-court identification of Tyrone Williams. Essentially, Williams argues that the photo lineup process used by the United States was unreasonably suggestive and any in-court identification would therefore be tainted. Whether such an identification should be excluded hinges on "whether the earlier photographic identification procedure was 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" United States v. Preciado, 336 F.3d 739, 744-45 (8th Cir. 2003) (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)).

Here, the photo lineup was not "impermissibly suggestive." Carrillo identified "some guy they called Shooter" as a black male, approximately 5'10" and 185 pounds (Doc. #94-2, pp. 1-2). Task Force Officer Berg showed Carrillo a photo lineup (Doc. #94-3), and Carrillo said he did not recognize anyone. After viewing the lineup, TFO Berg asked if Shooter was of a mixed race, and Carrillo said, "He looked like he had half Philipino [sic] or something. A little Asian

in him but he was not as light complected as an Asian would be." (Doc. #94-2, pp. 3). After a brief exchange, Task Force Officer Kempf observed, "[W]hen he was pulling the ah book away [] it looked like you double-taked like you wanted to maybe look some more." Carrillo agreed to look again and identified the upper right photograph as "kinda look[ing] like him."

The Court concludes this procedure was not suggestive and did not "give rise to a very substantial likelihood of irreparable misidentification." The other five men in the lineup had features similar to Williams. TFO Kempf's observation of Carrillo's "double take" could not be interpreted as suggestive. In sum, none of the evidence appears to taint a courtroom identification. Therefore, Williams' motion to exclude is **DENIED.** Defense counsel's concerns that the accuracy of a courtroom identification will be reduced because Williams may be the only black male in the courtroom may be dealt with on cross-examination.

The Court further notes that this process did not result in an identification of anyone. Therefore, the Court **ORDERS** the photo lineup is not admissible as evidence of an identification.

Motion to Continue or Receive Discovery Index and Motion for Leave to File

These motions are **MOOT** and are therefore **DENIED.**

Motions for Change of Venue and Relief from Joinder

Williams' motions to change venue (Doc. #85) and sever (Doc. #87) are hereby **DENIED.** Williams has all but withdrawn these motions by virtually abandoning them during the previous three motions hearings. However, they may be denied on the merits as well.

Venue must be determined from the nature of the crime alleged and the location of the act or acts constituting it. United States v. Washington, 109 F.3d 459, 466 (8th Cir. 1997). In a

conspiracy case, venue is proper in any district in which an overt act in furtherance of the conspiracy was committed by any of the conspirators, even though some of them were never physically present there.  <u>United States v. Hull</u>, 419 F.3d 762, 768 (8th Cir. 2005).  Here, Overt Acts 1 and 2, among others, took place within North Dakota.  Venue is therefore appropriate here.

A court may order separate cases be tried in a single trial if all offenses and defendants could have been joined in a single indictment.  Fed. R. Crim. P. 13; <u>United States v. Cannington</u>, 729 F.2d 702, 710 (11th Cir. 1984).  In fact, in the case of conspiracy, it is rarely, if ever, improper to try co-conspirators jointly.  <u>United States v. Drew</u>, 894 F.2d 965, 968 (8th Cir. 1990).  Here, Williams could have been indicted with Martinez and Wessels.  They are alleged to have participated in the same drug distribution organization.  Therefore, a joint trial is appropriate.

**IT IS SO ORDERED.**

Dated this 1st day of April, 2008.

/s/     *Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court